**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDGAR MALDONADO, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| ADVANCED MOVING AND STORAGE, INC. and JAMES LALAGOS, | ) ) ) | Magistrate Judge |
| Defendants | ) ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Edgar Maldonado, on behalf of himself and all other similarly situated individuals, known and unknown, through his attorneys, against Advanced Moving and Storage, Inc. ("Advanced Moving") and James Lalagos, individually, (collectively "Defendants") states as follows:

**I.    NATURE OF THE CASE**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for: (1) Defendants' failure to pay Plaintiff and other similarly situated employees not less than the federally and Illinois-mandated wage rate for all hours worked in violation of the FLSA and IMWL; and (2) Defendants' unlawful deductions made from Plaintiff and other similarly situated employees' weekly wages without proper authorization as required by the IWPCA. Plaintiff brings his FLSA claims as a collective action pursuant to Section 216(b) of the FLSA and his consent to represent is attached as Exhibit A. Plaintiff will seek

1

to certify his state law claims arising under the IMWL and IWPCA as a class action pursuant to *Fed. R. Civ. Pro.* 23.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this judicial district as Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.     PARTIES

**Plaintiff**

4.     At all relevant times, Plaintiff has resided in and has been domiciled in the State of Illinois and within this judicial district.

5.     At all relevant times, Plaintiff has been Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.* and the IWPCA, 820 ILCS 115/1, *et seq.*

**Defendants**

6.     Within the relevant time period, Defendant Advanced Moving:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has had its principal place of business at 490 Windy Point Dr., #300, Glendale Heights, IL 60139, within this judicial district;

   c. has conducted business in Illinois and within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   f. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

7. During the relevant time period, Defendant James Lalagos:

   a. has been the owner or operator of Advanced Moving;

   b. has, among other things, had the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and scheduling and capital expenditures; and

   c. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

### IV. FACTUAL BACKGROUND

8. Defendant Advanced Moving is a corporation specializing in moving and storage.

9. Defendant James Lalagos is the owner or operator of Advanced Moving.

10. Plaintiff worked as a laborer for Defendants from approximately February 2020 through May 2020.

11. During the course of his employment, Plaintiff engaged in moving of household items for Advanced Moving's customers within Illinois.

12. Plaintiff was paid $13.00 per hour by Defendants for his work.

13. In certain work weeks, Plaintiff had deductions made from his paycheck by Defendants.

14. Defendants deducted money from Plaintiff's paycheck for damages allegedly caused by Plaintiff while moving customers' furniture.

15. For example, in certain work weeks Defendants deducted $250.00 from Plaintiff's pay for such alleged damages. See, for example, Plaintiff's check stub for the period of 4/27/20 – 5/3/20 which shows a $250.00 deduction from Plaintiff's wages for "damage", attached as Exhibit B.

16. Defendants deducted money from other employees' paychecks for damages allegedly caused by those employees while moving customers' furniture.

17. Defendants required Plaintiffs and other employees to wear Defendants' uniforms while working for Defendants.

18. The uniforms were for the benefit of the employer because it increased the employer's visibility.

19. Defendants deducted money from Plaintiff and other employees' paychecks in certain work weeks for the cost of the uniforms ("Uniform Deduction").

20. For example, Plaintiff's check stub for the period of 3/30/20 – 4/5/20 shows a $27.00 "current uniform" deduction and a $53.00 "year-to-date uniform" deduction. *See* Exhibit C.

21. The deductions described in paragraphs 14 – 19, *supra*, made by Defendants from Plaintiff's paycheck were made without the express, written consent of the Plaintiff freely given at the time of the deduction(s).

22. In the workweeks in which the Defendants made Damage Deductions from Plaintiff's wages, the deductions caused Plaintiff's wages to fall below the federal minimum wage. See, for example, Exhibit B, showing Plaintiff's check stub for the period of 4/27/20 – 5/3/20 which shows earned wages of $75.00 after the $250.00 "damage" deduction, resulting in an average hourly wage of $3.00 for that work week.

4

23. In the workweeks in which the Defendants made Damage Deductions from Plaintiff's wages, the deductions caused Plaintiff's wages to fall below the Illinois minimum wage.

24. During the relevant period, other similarly situated employees of Defendants had "Damage Deductions" made from their wages.

25. During the relevant period, other similarly situated employees of Defendants had "Uniform Deductions" made from their wages.

26. The deductions made from other similarly situated employees' paychecks were made without the express, written consent of those employees freely given at the time the deduction was made.

27. On information, in the workweeks in which the Defendants made Damage Deductions from similarly situated employees' wages, the deductions caused those employees' wages to fall below the federal minimum wage.

28. In the workweeks in which the Defendants made Damage Deductions from similarly situated employees' wages, the deductions caused those employees' wages to fall below the Illinois minimum wage.

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff will seek to certify this case as a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law unlawful deduction claim arising under the IWPCA (Count III).

30. Plaintiff seeks to represent two classes.

   a. The class Plaintiff seeks to represent with regard to his IMWL minimum wage claim (Count II) is defined as: "Plaintiff and all other similarly

5

        situated employees of Advanced Moving and James Lalagos employed from February 23, 2019 up to and including the date of judgment."

    b. The class Plaintiff seeks to represent with regard to his IWPCA deduction claim (Count III) is defined as: "Plaintiff and all other similarly situated employees of Advanced Moving and James Lalagos employed from February 23, 2012 up to and including the date of judgment."

31. Count II and III are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable:

    b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed more than 100 individuals in the IWPCA Unlawful Deduction class period;

    c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        i. Whether Defendants made deductions from the wages of Plaintiff and the IWPCA Deduction Class for uniforms and damages charges;

        ii. Whether Defendants obtained Plaintiff and the IWPCA Deduction Class's express written consent for such uniform and damages deductions freely given at the time the deduction was made;

        iii. Whether the deductions caused Plaintiff and the Class's wages to fall below the federal wage rate; and

        iv. Whether the deductions caused Plaintiff and the Class's wages to fall below the Illinois minimum wage rate.

    d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating wage and hour and other employment class actions;

    e. The class representative and the members of the class have been equally affected by Defendants' deductions from pay for uniforms and damages;

   f. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

32. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act
## Federal Minimum Wage
*On behalf of Plaintiff and a Collective of Similarly Situated Employees*

33. Plaintiff incorporates and re-alleges paragraphs 1 through 32 of this Complaint as though set forth herein.

34. The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay Plaintiff the federal minimum wage rate for all time worked in each individual work week.

35. During the relevant Defendants suffered or permitted Plaintiff to work in individual work weeks.

36. During the relevant Defendants suffered or permitted other similarly situated to work in individual work weeks.

37. Plaintiff and the other similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

38. In certain work weeks in which Defendants made deductions from Plaintiff and similarly situated employees' wages which resulted in their wages falling below the federally-mandated minimum wage rate as discussed more fully in paragraphs 8 – 27, *supra,* and incorporated herein by reference.

39. Defendants failed to post rights under the FLSA, or in the alternative, failed to post those rights in a location where they could be seen by the employees and, thus, the statute of limitations should be tolled.

40. Plaintiff and the Collective are entitled to recover unpaid minimum wages as described herein for at least up to three (3) years prior to Plaintiff's filing his complaint because Defendants' violation was willful.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

> A. A judgment for back wages in the amount of any hourly wage paid that was less than the full federal minimum wage rate;
>
> B. Liquidated damages in the amount equal to the unpaid wages;
>
> C. That the Court declare the Defendants violated the FLSA;
>
> D. That the Court enjoin the Defendants from continuing to violate the FLSA;
>
> E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and
>
> F. Such other further relief this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law
### Illinois Minimum Wages
*On behalf of Plaintiff and a Class of Similarly Situated Employees*

41. Plaintiff incorporates and re-alleges paragraphs 1 through 40 of this Complaint as though set forth herein.

42. The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay Plaintiff the Illinois minimum wage rate for all time worked in each individual work week.

8

43. During the relevant Defendants suffered or permitted Plaintiff to work in individual work weeks.

44. During the relevant Defendants suffered or permitted other similarly situated to work in individual work weeks.

45. Plaintiff and the other similarly situated employees were not exempt from the minimum wage provisions of the IMWL.

46. In certain work weeks in which Defendants made deductions from Plaintiff and similarly situated employees' wages which resulted in their wages falling below the federally-mandated minimum wage rate as discussed more fully in paragraphs 8 – 27, *supra*, and incorporated herein by reference.

47. Defendants failed to post rights under the IMWL, or in the alternative, failed to post those rights in a location where they could be seen by the employees and, thus, the statute of limitations should be tolled.

48. Plaintiff and the Class are entitled to recover unpaid minimum wages as described herein for at least up to three (3) years prior to the filing of this lawsuit pursuant to the IMWL.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

> A. That the Court determine that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
>
> B. A judgment for back wages in the amount of any hourly wage paid that was less than the full Illinois minimum wage rate;
>
> C. Liquidated damages in the amount equal to treble the unpaid wages pursuant to 820 ILCS 105/12(a);

D. Statutory interest pursuant to the formula set forth in 820 ILCS 105/12(a);

E. That the Court declare the Defendants violated the IMWL;

F. That the Court enjoin the Defendants from continuing to violate the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other further relief this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### Unauthorized Deductions
*On behalf of Plaintiff and a Class of Similarly Situated Employees*

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 of this Complaint as though set forth herein.

50. The matters set forth in this Count arise from Defendants' violation of the IWPCA for deducting the cost of uniforms and damages costs from Plaintiff and other similarly situated employees' weekly wages without express written consent, freely given at the time of the deduction as described more fully in paragraphs 8 – 27, *supra*, and incorporated herein by reference.

51. In the ten years prior to the filing of this lawsuit, the Plaintiff and similarly situated employees had deductions made from their weekly wages for the purpose of paying for uniforms required by the Defendants as described more fully in paragraphs 8 – 27, *supra*, and incorporated herein by reference.

52. In the ten years prior to the filing of this lawsuit, the Plaintiff and similarly situated employees had deductions made from their weekly wages for the purpose of

paying for damages charges required by the Defendants as described more fully in paragraphs 8 – 27, *supra*, and incorporated herein by reference.

53. In the ten years prior to filing this claim the Plaintiff and similarly situated employees had the above-described deductions from their paychecks without their express written consent, freely given at the time of the deduction.

54. The deduction for uniforms and damage charges was not for one of the enumerated exemptions in the IWPCA barring deductions from wages without the express written consent of the employees, freely given at the time of the deduction and were not:

   a. required by law;

   b. to the benefit of the employee; or

   c. in response to a valid wage assignment or wage deduction order.

55. The deductions made from Plaintiff and other similarly situated employees' earned wages for the costs of uniforms required by the employer violated the IWPCA.

56. The deductions made from Plaintiff and other similarly situated employees' earned wages for the damages deductions required by the employer violated the IWPCA.

57. Plaintiff and the Class are entitled to recover the amount of the unlawful deductions as described herein for at least up to ten (10) years prior to the filing of this lawsuit pursuant to 735 ILCS 5/13-206 (setting a 10-year limitations period for actions brought under the IWPCA).

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

> A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all money deducted from the compensation of Plaintiff and similarly situated employees for uniforms in individual work weeks by Defendants;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D. That the Court declare the Defendants violated the IWPCA;

E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G. Such other further relief this Court deems appropriate and just.

                Respectfully submitted
                on behalf of Edgar Maldonado,

Dated: February 23, 2022

                */s/Christopher J. Williams*
                Christopher J. Williams (ARDC #6284262)
                National Legal Advocacy Network
                1 N. LaSalle Street, Suite 1275
                Chicago, Illinois 60604

                Attorneys for Plaintiffs